In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00176-CV**

_____

**IN THE INTEREST OF A.G.B. AND L.A.B.**

_____

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 10-04-03546-CV**

_____

**MEMORANDUM OPINION**

Deena Burt-Barnes appeals from an order modifying a prior order in a suit affecting the parent-child relationship. In four issues, Appellant (1) complains of the exclusion of critical evidence at trial, (2) challenges the factual sufficiency of the evidence, (3) argues the trial court aided the "exclusion" of the parent-child relationship, and (4) abused its discretion by awarding sole custody to Appellee, Eric Allen Barnes. We affirm the trial court's judgment.

1

## Background

Deena and Eric divorced in 2011. In 2012, the trial court ordered Deena's visitation with the children to be supervised. In 2013, the trial court signed an order in a suit to modify the parent-child relationship. The 2013 order does not appear in the clerk's record, but in the modification hearing, the parties agreed the trial court ordered unsupervised Saturday-only visitation beginning in April 2013. In December 2013, Deena filed a suit and supporting affidavit to modify the custody, visitation, and support order signed earlier that year. *See generally* Tex. Fam. Code Ann. § 156.102 (West 2014). Her pleading complained that Eric moved with the children to Burnet County one day after the previous order was signed, and she asked that she be appointed sole managing conservator and that Eric's visitation be supervised because Eric was attempting to alienate the children from Deena. She further complained that she had to drive four hours each way to exercise her eight hours of Saturday visitation. In 2015, Eric filed a counter-petition seeking to limit Deena's visitation with the children to a single eight-hour period every quarter of the year and to require five days' notice prior to exercising visitation.

In April 2016, the trial court signed an order in which it found a material and substantial change in the circumstances of the parties since the rendition of the 2013 Order in Suit to Modify the Parent-Child Relationship, confirmed Deena's periods

2

of possession "on the Saturday following the first, third, and fifth Fridays of each month, from 9:00 a.m. to 5:00 p.m. on that same day, with pickup and drop-offs to be at the child's residence[,]" and required Deena to give Eric at least seventy-two hours' notice of her intent to exercise a period of possession or that period of possession would be waived. Deena appealed the modified judgment.

### Exclusion of Evidence

Issue one contends the trial court erred "in excluding critical evidence that was presented at trial[.]" To preserve a claim of error on a ruling that excludes evidence, a party must make an offer of proof unless the substance was apparent from the context. *See* Tex. R. Evid. 103(a)(2). To obtain a reversal of the judgment, the appellant must show that the trial court made an error of law and that the error probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1). In her brief, Appellant identifies the following evidence, which she suggests was erroneously excluded by the trial court: (1) records concerning unpaid taxes, the foreclosure of their home, failure to pay insurance, and unpaid debts; (2) video recordings of Appellee's alienating behavior; (3) alcohol and drug test reports; and (4) insurance cards.

From the Statement of Facts in her appeal brief, it appears the records concerning household finances concerned events that occurred before the divorce.

3

At one point in the hearing, the trial court sustained Eric's objection to matters that occurred before the date of the last order in March 2013. But, Deena proffered no exhibits and did not make an offer of proof. Furthermore, she provides no authority for holding that the trial court's ruling was incorrect. At no point in the modification hearing did Deena proffer video recordings or test results into evidence. The trial court instructed Eric to remove the insurance card from his wallet and hand it to his attorney and instructed the attorney to photocopy the card for her client and give the original card to Deena. Deena did not request that the insurance card be admitted in evidence. We conclude that the appellant failed to preserve error concerning the exclusion of evidence for review on appeal. *See* Tex. R. Evid. 103(a)(2). Issue one is overruled.

**Managing Conservatorship and Possession**

Deena combines issues two, three, and four into a single argument focused on the factual sufficiency of the evidence supporting the trial court's decision to retain Eric as the sole managing conservator of the children. She argues there was no evidence that she is an unfit mother, that Eric depends upon his parents and Deena's child support payments to provide the children with shelter, food, and clothing, and that Eric is not sufficiently involved in the children's lives and activities. Also, she

4

argues the evidence does not support making Eric the sole managing conservator or varying from the standard possession order.

The Texas Family Code sets out guidelines for possession of a child by a parent named as a possessory conservator or as the minimum possession for a joint managing conservator. Tex. Fam. Code Ann. § 153.251(a) (West 2014). There is a rebuttable presumption that the standard possession order provides reasonable minimum possession and is in the best interest of the children. Tex. Fam. Code Ann. § 153.252 (West 2014). In this case, however, the appointment of Eric as the sole managing conservator and the variance from a standard possession order occurred in a previous modification proceeding that resulted in the trial court's 2013 order. That order was not appealed. The issue in the proceeding that is the subject of this appeal is whether "modification would be in the best interest of the child" and the "circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed" since the date of the rendition of the previous order or "the child is at least 12 years of age and has expressed to the court in chambers . . . the name of the person who is the child's preference to have the exclusive right to designate the primary residence of the child[.]" Tex. Fam. Code Ann. § 156.101(a)(1)(A), (2) (West 2014). Deena had the burden of proof regarding whether Eric should be removed as sole managing conservator and whether Deena

should be appointed as joint managing conservator with a standard possession order. *See Trammell v. Trammell*, 485 S.W.3d 571, 578 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

We review a trial court's modification order for abuse of discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). Under an abuse of discretion standard, the factual sufficiency of the evidence is not an independent ground of error but is merely a factor in assessing whether the trial court abused its discretion. *In re A.E.D.*, No. 09–13–00555–CV, 2014 WL 4363445, at *3 (Tex. App.— Beaumont Sept. 4, 2014, pet. denied) (mem. op.). Because trial courts have wide discretion to determine the children's best interest in issues of custody and visitation, "[t]he trial court does not abuse its discretion if its order is supported by some evidence of a substantive and probative character." *Id.* "We review the entire record to determine whether the trial court's decision was arbitrary or unreasonable." *Id.*

Eric and the children moved from Montgomery County to Burnet County after the date of the last custody order. They were living in a guest house on Eric's parents' property, and Eric was unemployed. The children were twelve and sixteen at the time of trial. The trial court conferred with them in chambers. The children expressed their preference to live with their father. Therefore, the trial court had before it

evidence that the parties' circumstances had changed and that the children preferred to reside with their father.

The factors considered in determining the best interest of the child include (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the plans for the child by these individuals, (6) the stability of the home, (7) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (8) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). Deena argues that the trial court's order is not in the best interest of the children because Eric cannot support the children financially; is not involved in the children's lives; smokes and drinks alcohol. Eric testified he is involved in every one of the children's activities and pays the children's living expenses with income from the sale of his house. He admitted that he drinks beer, but he was not asked whether he smokes. Deena visited the children four times in 2014 and four times in 2015. The children expressed their disappointment that their mother exercised her visitation rights so infrequently, but they were not interested in living with her or seeing her more often. Viewing the entire record, we conclude the modification order is supported by some evidence of a substantive and probative

character; therefore, the trial court did not abuse its discretion. We overrule issues two, three, and four, and we affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on October 20, 2017
Opinion Delivered December 14, 2017

Before McKeithen, C.J., Kreger and Johnson, JJ.