TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-22-00691-CV

Paul Doyle, Appellant

v.

Denise Doyle, Appellee

FROM THE 146TH DISTRICT COURT OF BELL COUNTY
NO. 315,856-B, THE HONORABLE JACK WELDON JONES, JUDGE PRESIDING

M E M O R A N D U M   O P I N I O N

Denise and Paul Doyle were divorced in 2020.  In 2021 Denise filed a Petition to Modify the Parent-Child Relationship, asking in part that the original divorce decree be modified to set an amount of child support.[1]  The original decree had not ordered any child support by either party.  Following a hearing, the trial court granted the request, ordering the original decree modified to include a requirement that Paul pay Denise $1,600 per month.  Paul perfected this appeal.  We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The trial court signed a final divorce decree between the parties on June 25, 2020. The decree, to which both parties agreed, did not require either party to pay child support.  On

---

[1]  Because the parties' last names are the same, we will, for clarity, refer to them by their first names.

September 10, 2021, Denise filed a Petition to Modify the Parent-Child Relationship in which she asked that she be granted the exclusive right to establish the residence of the children without regard to geographical restriction and that Paul be required to pay child support. After a final hearing on April 14, 2022, the court denied the requested change to the residency restriction but granted the request for child support, ordering Paul to pay $1,600 per month in child support.

The undisputed evidence showed that both at the time of the original divorce and the time of the modification hearing, Denise worked at Rooms To Go selling furniture. She typically works 55 hours a week and frequently has to work nights and weekends. Her income was and is "100% commission." She testified that during the Covid pandemic furniture and mattress sales "went sky high" because people were "stuck at home." The original divorce decree was signed during that time. After the pandemic subsided, however, furniture orders had "significantly decreased." Her current income is between $1,400 and $2,000 every two weeks.

In addition, Denise testified that her mortgage had increased by $100 per month.

## DISCUSSION

We note initially that the clerk's record contains a document titled Findings of Fact and Conclusions of Law detailing the decrease in Denise's income and the increases in her expenses. That document, however, is not signed by the trial judge. Accordingly, we may not consider it. *See Smith v. Karanja*, 546 S.W.3d 734, 739 n.5 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

Although Paul timely brought to the trial court's attention that findings and conclusions had been requested but not filed, he does not assign as error here the court's failure to sign and file such findings. Because Paul does not raise that as an appellate issue, we may not

2

reverse the trial court's order on that basis. *See Pike v. Texas EMC Mgmt., LLC*, 610 S.W.3d 763, 782 & n.24 (Tex. 2020) ("A court of appeals may not reverse a trial court judgment on a ground not raised.").

Moreover, the order granting modification itself recited that "[t]he Court finds that . . . a portion of the material allegations in the petition to modify are true and that . . . part of the requested modification is in the best interest of the children. IT IS THEREFORE ORDERED that . . . the request to modify the provisions for child support is GRANTED." Because there are no findings in a separate document that conflict with this finding, it has probative value. *See In re C.C.G.*, No. 14-15-00015-CV, 2016 WL 3157472, at *1 (Tex. App.—Houston [14th Dist.] May 17, 2016, no pet.) (substitute mem. op.).

In any event, Paul's failure to complain of the absence of signed findings and conclusions leaves this case in the posture as if no findings and conclusions had been requested at all. In such a circumstance, we "must presume the trial court made all the findings necessary to support the judgment." *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017).

In his sole issue on appeal, Paul asserts that the trial court abused its discretion by granting the request for child support because "there was no evidence of a material and substantial change in the financial circumstances of the parties or the children."[2] The standard for our review of the court's order is a familiar one:

> We review the trial court's modification of orders governing child support for an abuse of discretion. A trial court abuses its discretion if it acts arbitrarily or

[2] A "no evidence" challenge raises only the legal sufficiency of the evidence. *See, e.g.*, *Abraham v. Acton*, No. 08-22-00079-CV, 2023 WL 5206688, at *8 (Tex. App.—El Paso Aug. 14, 2023, no pet.) (mem. op.); *SunBridge Healthcare Corp. v. Penny*, 160 S.W.3d 230, 247 (Tex. App.—Texarkana 2005, no pet.); *In re M.J.M.L.*, 31 S.W.3d 347, 350 (Tex. App.—San Antonio 2000, pet. denied).

unreasonably or does not analyze or apply the law properly. Whether the evidence supporting the decision is legally and factually sufficient is relevant in deciding whether the trial court abused its discretion.

When applying the abuse-of-discretion standard in this context, we ask first whether the trial court had sufficient information on which to exercise its discretion, applying traditional sufficiency review, and if so, whether it acted reasonably in the application of its discretion. We review the evidence in the light most favorable to the court's rulings and indulge every presumption in favor of the rulings. If some probative and substantive evidence supports the rulings, there is no abuse of discretion.

*In re K.F.*, No. 02-18-00187-CV, 2018 WL 6816119, at *3 (Tex. App.—Fort Worth Dec. 27, 2018, pet. denied) (mem. op.) (citations and internal quotation marks omitted); s*ee also Coburn v. Moreland*, 433 S.W.3d 809, 823 (Tex. App.—Austin 2014, no pet.).

In his argument, Paul points to the following provision of the Texas Family Code:

If the parties agree to an order under which the amount of child support differs from the amount that would be awarded in accordance with the child support guidelines, the court may modify the order only if the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the order's rendition.

Tex. Fam. Code § 156.401(a-1). Denise does not dispute that the original decree, in which no child support was ordered, differed from the child support guidelines and that the foregoing provision is therefore applicable. Accordingly, she had the burden to show that her financial circumstances had "materially and substantially changed" since the date of the original divorce decree.

Paul contends that Denise did not satisfy Section 156.401(a-1) because she "presented no evidence of her income information at the time of the divorce." Paul relies heavily on *London v. London*, 94 S.W.3d 139 (Tex. App.—Houston [14th Dist.] 2002, no pet.), in which the court stated:

> In determining whether there has been a material and substantial change in circumstances, it is well settled that the trial court must compare the financial circumstances of the children and the affected parties at the time the existing support order was entered with their circumstances at the time the modification is sought. Without evidence of the circumstances at the time the existing support order was entered, the trial court cannot determine whether there has been a material and substantial change in the circumstances of the children or the parties affected by the order.

*Id.* at 144-45 (citations omitted). Because Denise did not present specific evidence of her financial circumstances at the time of the divorce, Paul reasons that she did not satisfy the requirements of Section 156.401(a-1). We disagree.

In *London* the movant for modification failed to present any evidence from which a comparison could be made of the movant's financial circumstances at the time of the divorce and at the time of the modification hearing. In the present case, in contrast, Denise presented evidence tending to show that her income had decreased significantly since the divorce decree was signed while at the same time her expenses had increased somewhat. *London* is therefore distinguishable.

Other courts have reached the same conclusion. For example, the court in *In re J.A.R.*, No. 12-11-00025-CV, 2011 WL 3768381 (Tex. App.—Tyler Aug. 24, 2011, no pet.) (mem. op.), expressly distinguished *London* on this basis:

> In the case at hand, Karen was specifically asked how her expenses had changed since the divorce. In response, she testified that her housing expenses had increased and also that she had incurred additional expenses, and expected to incur more, attributable to the children's increasing involvement in extracurricular activities. Because her testimony was presented in terms of how her expenses had changed since the divorce, the facts in this case are distinguishable from those in . . . *London*. Karen's testimony provided evidence of a substantive and probative character to support the trial court's finding that the expenses she described "manifest a material and substantial change in the circumstances of [Karen] and the children."

5

*Id.* at \*4; *see also In re D.S.*, No. 07-12-00312-CV, 2013 WL 625725, at \*2 (Tex. App.—Amarillo Feb. 20, 2013, no pet.) (mem. op.) (holding that "the moving party may present evidence in the form of how much expenses had increased since the divorce and satisfy the requirement of proving a material and substantial change in conditions"); *Brejon v. Johnson*, 314 S.W.3d 26, 31–32 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (holding that evidence of increased expenses satisfied requirement to show "materially and substantially changed" circumstances).

Although the foregoing cases dealt with increased expenses, the result is the same in cases involving decreased income. *See, e.g.*, *Trammell v. Trammell*, 485 S.W.3d 571, 578 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (holding that obligor established material and substantial change in circumstances by showing significant decrease in income); *In re P.C.S.*, 320 S.W.3d 525, 531 (Tex. App.—Dallas 2010, pet. denied) (holding no abuse of discretion by trial court in granting modification based on material and substantial change in obligor's income).

It is not indispensable that the movant present the precise amount of his or her income for both time periods. The essential requirement is to present evidence that allows a meaningful comparison between the movant's financial circumstances when the original divorce decree was signed and when the modification hearing was held. In the present case, Denise offered evidence that she works in furniture sales, that she is paid on a "100% commission" basis, that when the original divorce decree was signed furniture sales were brisk, and that at the time of the modification hearing furniture sales had "significantly decreased." From this evidence, the trial court was entitled to draw a reasonable inference that Denise's income had also decreased significantly between the signing of the original divorce decree and the modification hearing. Therefore, we hold that Denise satisfied the requirement of Section 156.401(a-1) to show that her

financial circumstances had materially and substantially changed during the relevant period. We overrule Paul's appellate issue.

## CONCLUSION

Having overruled Paul's sole issue, we affirm the trial court's order.

_____

J. Woodfin Jones, Justice

Before Justices Baker, Kelly, and Jones[*]

Affirmed

Filed:   October 11, 2024

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. See Tex. Gov't Code § 74.003(b).

7