**Phillipe J. BREJON, Appellant,**

v.

**Lia JOHNSON, Appellee.**

Nos. 01–08–00642–CV, 01–08–00897–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 2009.

28

Ned Gill III, Gill, Revack & Samaan, Bellaire, TX, for Appellant.

Kate Hilton McConnico, Looper Reed & McGraw, P.C., Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices BLAND and MASSENGALE.

## OPINION

MICHAEL MASSENGALE, Justice.

In two appeals, appellant Phillipe J. Brejon appeals the trial court's orders modifying his child-support obligation (No. 01–08–00642–CV) and awarding attorney's fees to appellee Lia Johnson (No. 01–08–00897–CV). With respect to the modification of child support, Brejon argues that the trial court abused its discretion by increasing his financial obligation because neither legally nor factually sufficient evidence supports a finding of a material or substantial change in the parties' circum-

stances. As to the attorney's-fees order, Brejon contends that the trial court lacked jurisdiction to enter that order because its plenary power had expired.

We conclude that the evidence was legally and factually sufficient to support the trial court's order increasing Brejon's child-support obligations, and we thus affirm the order of the trial court in cause number 01–08–00642–CV. We further conclude that the trial court had authority under Family Code section 157.001(a) to enforce its prior order granting attorney's fees, but the court lacked authority to grant additional attorney's fees pursuant to Johnson's untimely request for temporary orders pending appeal under Family Code section 109.001(a). We thus modify the order of the trial court in cause number 01–08–00897–CV and, as modified, affirm.

## Background

Brejon and Johnson divorced on April 3, 2007. They have one child, R.B., and they share custody in accordance with an Agreed Final Decree of Divorce. In January 2008, Johnson filed a petition to modify the parent-child relationship, and she amended her petition in April 2008. Johnson sought an increase in child-support payments from $1,200 per month to $1,500 per month, in accordance with statutory guidelines. Johnson argued that the circumstances of a party to the original order had materially and substantially changed and that the child-support payments previously ordered did not substantially comply with the guidelines in the Texas Family Code, which the Texas legislature had recently changed. *See* Act of May 22, 2007, 80th Leg., R.S., ch. 620 §§ 2–9, 2007 Tex. Gen. Laws 1188, 1188–90 (now Tex. Fam. Code Ann. § 154.125(a) (Vernon 2008)).

At trial, Johnson testified that Brejon did not consistently exercise his periods of possession of R.B. Johnson also testified that she had been promoted at work and that her promotion included increased responsibilities and longer working hours. Johnson said that these two circumstances required her to hire babysitters or pay to fly her mother to Houston to care for R.B. while Johnson worked. Johnson also testified to the high price of gas, generally increased costs of living, and medical expenses she had incurred. Finally, she testified that she knew that Brejon's child-support obligation was less than that required by the Family Code child-support guidelines.

Brejon contended that child-care expenses were Johnson's responsibility regardless of whether they arose during his periods of possession because "she wanted to have custody." He testified that he had no regular babysitters who cared for R.B. during his periods of possession. He testified that increases in the cost of living affected him as well. However, he noted that his annual salary remained at approximately $160,000. He argued that Johnson had not proved a change in circumstances, because he had been inconsistent in exercising his right to possession of R.B. even before the divorce decree was finalized. Brejon contended that a change in the Family Code guidelines alone was insufficient to warrant a modification of child support.

After a bench trial, the trial court granted Johnson's petition to modify and increased Brejon's monthly child-support obligation to $1,500. On July 15, 2008, the trial court signed its order to that effect. The order also required Brejon to pay Johnson's attorney's fees in the amount of $7,830 plus post-judgment interest. The order further stated that all relief requested in the case and not expressly granted was denied. A week later, on July 21, Brejon filed his notice of appeal. The trial court later filed findings of fact and conclusions of law, in which the court concluded that there had been "a material and substantial change since the rendition of the Court's last order." The trial court found "that evidence existed of late paid educational and medical sums, of changes in Lia Johnson's job duties and requirements, of unused visitation by Phillipe Brejon that required Lia Johnson to spend extra, unforeseen sums on babysitters and of the increased cost of living."

On October 13, 2008, the trial court entered another order requiring Brejon to pay the previously ordered attorney's fees plus interest. The October 13 order also awarded Johnson additional attorney's fees incurred to enforce the July 15 order and to defend Brejon's appeal. Brejon filed a second notice of appeal, challenging the trial court's authority to enter the October 13 order.

## Motion to Modify Child Support

### Standard of Review

In general, a trial court's ruling on child support will not be reversed on appeal unless there is a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990); *McLane v. McLane*, 263 S.W.3d 358, 362 (Tex.App.-Houston [1st Dist.] 2008, pet. denied). The test is whether the trial court acted arbitrarily, unreasonably, or without reference to guiding rules or principles. *McLane*, 263 S.W.3d at 362. The reviewing court must review the evidence in the light most favorable to the trial court's actions and indulge every legal presumption in favor of the order. *Id.* There is no abuse of discretion if some probative and substantive evidence supports the order. *Id.*

Brejon contends that the evidence is both legally and factually insufficient to show a material and substantial change in circumstances. However, under an abuse of discretion standard, legal and factual insufficiency are not independent, reversible grounds of error; rather, they are relevant factors in assessing whether the trial court abused its discretion. *Patterson v. Brist*, 236 S.W.3d 238, 240 (Tex. App.-Houston [1st Dist.] 2006, pet. dism'd).

In an appeal of a judgment rendered after a bench trial, the trial court's findings of fact have the same weight as a jury's verdict. *In re K.R.P.*, 80 S.W.3d 669, 673 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). When challenged, however, a trial court's findings of fact are not determinative unless they are supported by the record. *Id.* We review the sufficiency of the evidence supporting the challenged findings to determine whether the trial court abused its discretion in making such findings. *Id.*

Our review of a legal sufficiency issue requires us to consider only the evidence and inferences that tend to support the finding, disregarding all evidence and inferences to the contrary. *Vannerson v. Vannerson*, 857 S.W.2d 659, 666 (Tex.App.-Houston [1st Dist.] 1993, writ denied). If there is any evidence of probative force to support the finding, i.e., more than a mere scintilla, we will overrule the issue. *Id.* In reviewing a factual sufficiency issue we must consider, weigh, and examine all of the evidence that supports and contradicts the finding. *Id.* We will set aside the finding only if the evidence standing alone is too weak to support it or if it is so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. *Id.*

*Statutory Grounds for Modification*

The Family Code provides that a court may modify a child-support order if: (1) the movant shows that the circumstances of the child or a person affected by the order have materially and substantially changed or (2) it has been three years since the order was rendered or last modified and the monthly child support obligation differs from the amount that would be awarded under the statutory child-support guidelines by 20 percent or $100. TEX. FAM.CODE ANN. § 156.401(a), (a–1) (Vernon 2008). Paramount to the trial court's determination of child support is the best interest of the child. *McLane*, 263 S.W.3d at 362 (citing *Lenz v. Lenz*, 79 S.W.3d 10, 14 (Tex.2002)). "In determining whether a modification in child-support payments is appropriate, the trial court should examine the circumstances of the child and parents at the time the prior decree was rendered, in relation to the circumstances existing at the time modification of the prior order is sought." *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.-Houston [1st Dist.] 1993, writ denied).

Family Code section 156.402(a) states that the trial court "may consider the child support guidelines ... to determine whether there has been a material or substantial change of circumstances ... that warrants a modification of an existing child support order...." TEX. FAM.CODE ANN. § 156.402(a) (Vernon 2008). In addition, "if the amount of support contained in the order does not substantially conform with the guidelines ... the court may modify the order to substantially conform with the guidelines...." *Id.* § 156.402(b). A court may also consider other relevant evidence in ruling on a motion to modify child support. *Id.* Thus, a court's consideration of the child-support guidelines in a modification proceeding is discretionary,

not mandatory. *See, e.g., Friermood v. Friermood,* 25 S.W.3d 758, 760 (Tex.App.-Houston [14th Dist.] 2000, no pet.). Accordingly, a child-support order that does not comply with statutory guidelines does not in and of itself establish a material and substantial change in circumstances requiring modification. *See id.*

## Material and Substantial Change

■ Because three years have not yet passed since the original order was rendered, Johnson had the burden to prove a material and substantial change in the circumstances of the child or a person affected by the order. TEX. FAM.CODE ANN. § 156.401(a)(1) (Vernon 2008). Brejon argues that she did not do so.

Johnson argues that a change in the Family Code was itself a material and substantial change in circumstances sufficient to warrant a modification of the child-support order. Specifically, the legislature increased the amount of net resources to be considered in calculating a parent's child-support obligation. In her brief, Johnson explains that earlier amendments to the Family Code included enabling language that specified that the change in the law was not a change of circumstance sufficient to warrant a child-support modification. *See* Act of June 1, 2003, 78th Leg., R.S., ch. 1262, § 5(c), 2003 TEX. GEN. LAWS 3572, 3573 ("The enactment of the amendments made by this Act does not affect the validity or obligations, terms, and conditions of an order in a suit affecting the parent-child relationship made before the effective date of this Act, and this Act does not constitute a change of circumstances under Section 14.08, Family Code."); Act of May 29, 1993, 73rd Leg., R.S., ch. 766, § 11(e), 1993 TEX. GEN. LAWS 2989, 2999 ("The change in law made by this Act does not by itself constitute a material and substantial change of circum-stances under Section 156.401, Family Code, sufficient to warrant modification of a court order or a portion of a decree that provides for the support of a child rendered before the effective date of this Act."). However, the most recent amendment, which increased the amount of the child-support obligor's resources that are subject to the guidelines, did not include enabling language stating that the statutory change was not a change of circumstances for the purpose of child-support modification. *See* Act of May 22, 2007, 80th Leg., R.S., ch. 620 § 2, 2007 TEX. GEN. LAWS 1188, 1189. We decline Johnson's invitation to consider this argument, however, because we conclude that she presented other evidence that supports the trial court's finding of a material and substantial change.

The trial court found a material and substantial change in circumstances in "late paid educational and medical sums, changes in Lia Johnson's job duties and requirements, of unused visitation by Phil-lipe Brejon that required Lia Johnson to spend extra, unforeseen sums on babysitters and of the increased cost of living." Johnson testified that an increase in child support was in R.B.'s best interest. She testified, "I've had substantial increase in costs since our settlement due to issues of [Brejon's] noncompliance with our decree, as well as inconsistent exercising of the visitation which have really caused a lot of unexpected child care expenses." Johnson said that she had two primary issues with inconsistent child care. In addition to Brejon's inconsistent exercise of visitation, she stated, "I've had a significant increase in the responsibilities through my job, which means I have to have predictability." Johnson also testified that additional child-support money could "help create a more predictable and consistent child care situation for our son." Johnson introduced a log that showed when Brejon had missed,

canceled, or arrived late for weekday visitation from before their divorce was final and continuing through the week before trial. Johnson also testified to increased living expenses, generally, saying, "I'm paying more for things than I was last year, absolutely," and "I know that a gallon of gas costs me about $5.00 right now." Johnson also testified that her promotion, which increased her job responsibilities, came with a raise of approximately $10,000, to approximately $74,000 per year.

Brejon testified that he earned an annual salary of $160,000. He testified that increased living costs were affecting him as well, and that R.B.'s health insurance premiums had increased $60 per month. Nevertheless, Brejon said that he believed Johnson should bear the cost of unexpected child care due to his inconsistent exercise of visitation because "she wanted to have custody." Brejon did not dispute Johnson's testimony about her increased job responsibilities, increased need for child care, his inconsistent exercise of visitation, or the increased cost of living.

We conclude that the evidence was both legally and factually sufficient to support the trial court's findings of fact that evidence existed as to "changes in Lia Johnson's job duties and requirements, of unused visitation by Phillipe Brejon that required Lia Johnson to spend extra, unforeseen sums on babysitters and of the increased cost of living." Therefore, we hold that there was probative and substantive evidence to support the trial court's order for increased child support. *See McLane*, 263 S.W.3d at 362. We overrule Brejon's issue regarding the child-support order, appellate cause number 01–08–00642–CV.

### Attorney's Fees Motions

In his sole issue in appellate cause number 01–08–00897–CV, Brejon challenges the trial court's October 13, 2008 order that he pay certain trial and appellate attorney's fees incurred by Johnson. In the July 15, 2008 order modifying Brejon's child-support obligations, the trial court ordered Brejon to pay both an increased amount of child support and Johnson's attorney's fees in the amount of $7,830, plus post-judgment interest to accrue at the statutory rate. At that time, Johnson did not request and the trial court did not order any contingent attorney's fees for appeal. Brejon filed his notice of appeal from the July 15 order on July 21, 2008.

On August 8, 2008, Brejon had not yet paid the attorney's fees, and Johnson filed a motion to enforce the July 15 award of attorney's fees. *See* TEX. FAM.CODE ANN. § 157.001(a)-(d) (Vernon 2008) (providing authority and procedure for enforcement of final order in suits affecting the parent-child relationship). Johnson also filed a second motion on September 30, 2008—77 days after the trial court had entered the child-support modification order. This second motion requested the entry of temporary orders during the pendency of the appeal. *See* TEX. FAM.CODE ANN. § 109.001 (Vernon 2008) (providing authority and procedure for temporary orders "to preserve and protect the safety and welfare of the child during the pendency of the appeal"). In the motion for temporary orders, which Johnson requested to be heard at the same time as the August 8 motion to enforce, she again sought to enforce the trial court's prior order for payment of $7,830 plus post-judgment interest. In the written motion filed with the trial court, Johnson invoked Family Code section 109.001(a)(5) to request $4,654 in additional attorney's fees which had been incurred responding to Brejon's appeal and seeking enforcement of the July 15 judgment.

A hearing on the two motions was held on October 13, 2008. Johnson offered evi-

dence that the total amount of additional incurred attorney's fees and expenses, which she was requesting that the trial court award to her, had increased from $4,654 to $6,691.90. After hearing evidence of the additional incurred attorney's fees and argument from counsel, the trial court granted the relief requested by Johnson. The trial court ordered Brejon to pay directly to Johnson's lawyers the sum of $7,926.53, which represented the July 15 award of attorney's fees plus post-judgment interest. The trial court further ordered Brejon to pay to Johnson's lawyers the additional requested amount of $6,691.90 in incurred attorney's fees, to be held in trust during the pendency of the appeal. The trial court did not indicate which motion was being granted, or by what authority Brejon was being ordered to pay the additional fees.

On appeal, Brejon characterizes the October 13, 2008 order as a modification of the July 15, 2008 order. He argues the later order is void in its entirety, and we should reverse and render judgment in his favor, because the motion for temporary orders was untimely filed and the trial court's plenary power had expired.

*Jurisdiction*

■ First, we consider our jurisdiction. We are authorized by statute to consider an appeal from a "final order" rendered under Title 5 of the Family Code. TEX. FAM.CODE ANN. § 109.002(b) (Vernon 2008). Johnson initiated an enforcement proceeding as authorized by Family Code chapter 157, and the trial court's October 13, 2008 order disposed of all pending parties and claims in the record with respect to that proceeding. Johnson also filed a motion for temporary orders pursuant to Family Code section 109.001(a), and part of the relief granted by the trial court was premised solely upon that motion. We lack jurisdiction to consider an interlocutory

appeal of a temporary order rendered under section 109.001(a). TEX. FAM.CODE ANN. § 109.001(c) (Vernon 2008); *Marcus v. Smith*, 313 S.W.3d 408, —— (Tex.App.-Houston [1st Dist.] 2009, no pet. h.). However, in light of our conclusion below that the trial court had no authority to enter a temporary order pursuant to section 109.001(a), this appeal is not within the scope of orders carved out of our jurisdictional reach by section 109.001(c). We thus conclude that the trial court's October 13 order granting Johnson's requests for attorney's fees is a final order rendered under Title 5 of the Family Code, and accordingly we have appellate jurisdiction. *Cf. Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001) ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree.").

*Analysis of Trial Court's Order*

■ Brejon contends on appeal that the trial court completely lacked authority to enter its October 13 order compelling him to pay Johnson's attorney's fees. Brejon characterizes the order as a modification of the July 15 child-support modification order, and he argues that by October 13 the trial court had lost its plenary power to enter such an order. This argument mischaracterizes the procedural history of the October 13 order. Johnson never requested a modification of the July 15 order, nor did the October 13 order purport to do so.

Instead, over the course of two separate motions, Johnson made two discrete requests for relief. In both the August 8 motion to enforce and the September 30 motion for temporary orders, Johnson sought enforcement of the July 15 order's award of attorney's fees. The trial court had express statutory authority to grant

this relief in order to enforce its own prior order. *See* TEX. FAM.CODE ANN. § 157.001(a) (Vernon 2008) ("A motion for enforcement as provided in this chapter may be filed to enforce a final order for conservatorship, child support, possession of or access to a child, or other provisions of a final order.").

In the September 30 motion for temporary orders, Johnson made the additional request for an award of attorney's fees incurred in seeking to enforce the July 15 order and in responding to Brejon's appeal. This request was expressly premised on the statute providing for temporary orders during the pendency of an appeal. *See* TEX. FAM.CODE ANN. § 109.001(a)(5) (Vernon 2008) (authorizing temporary orders which "require payment of reasonable attorney's fees and expenses" pending appeal). However, a motion for temporary orders pending appeal must be filed "[n]ot later than the 30th day after the date an appeal is perfected," *id.* § 109.001(a), which Johnson failed to do. The trial court thus had no authority under Family Code section 109.001 to enter temporary orders requiring Brejon to pay additional attorney's fees.

Accordingly, the portion of the October 13, 2008 order that refers to the motion for temporary orders and orders Brejon to pay $6691.90 to Johnson's attorneys is void. However, because the trial court retains its power to enforce its prior orders, the portion of the October 13 order requiring Brejon to comply with the trial court's earlier order, and pay Johnson's trial attorney's fees as ordered therein, is valid. Therefore, we sustain Brejon's issue in part and reform the October 13, 2008 order to eliminate any reference to temporary orders or attorney's fees other than those previously awarded in the July 15, 2009 child-support modification order.

## Conclusion

We affirm the order of the trial court in cause number 01–08–00642–CV. We modify the order of the trial court in cause number 01–08–00897–CV, and we affirm as modified. All pending motions are denied as moot.