**DISMISS and Opinion Filed October 23, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01196-CV

## IN THE INTEREST OF J.L.H., A CHILD

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-93-2714**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice FitzGerald

In a letter dated September 19, 2013, the Court questioned its jurisdiction over this appeal. Specifically, it appears the order being appealed is not a final, appealable order. We instructed the parties to file jurisdictional briefs addressing our concern.

Appellant is appealing the associate judge's order awarding child support arrearages signed on July 24, 2013. The associate judge conducted a hearing, but it was not recorded. Prior to the hearing, the parties signed a written agreement that if either party wished to appeal the associate judge's ruling, the appeal would be taken directly to this Court and not to the referring court.[1] At the hearing, the parties informed the associate judge of their agreement. In his brief, appellant contends that he objected when no reporter was available to record the hearing. In his reply brief, appellant states that the parties' waiver agreement was contingent upon the hearing

---

[1] The agreement was not filed with the trial court until August 6, 2013.

being recorded. The associate judge's order does not mention the parties' waiver of a de novo review before the referring court. Despite the waiver agreement, appellant timely filed a request with the referring court for a de novo hearing. Appellant contends the associate judge considered the agreement void. Appellee counters that the parties effectively waived their right to a de novo hearing. For reasons set forth below, we conclude the order appealed is not final regardless of the status of the waiver agreement.

We have jurisdiction to consider an appeal from a final order rendered under Title 5 of the Family Code, which includes orders on child support. *See* TEX. FAM. CODE ANN. § 109.002(b) (West Supp. 2012); *Brejon v. Johnson,* 314 S.W.3d 26, 33 (Tex.App.—Houston [1st Dist.] 2009, no pet.). With the exception of certain limited circumstances not applicable to this case, an associate judge does not have the power to render a final judgment. *See* TEX. FAM. CODE ANN. § 201.007(a)(14) & (a)(16) (West 2008).

The family code provides that, if the right to a de novo hearing is waived, "the proposed order or judgment of the associate judge becomes the order or judgment of the referring court only on the referring court's signing the proposed order or judgment." *See* TEX. FAM. CODE ANN. § 201.013(b) (West 2008). Moreover, if a party timely requests a de novo hearing, the referring court must conduct a hearing. *See* TEX. FAM. CODE ANN. § 201.015(f) (West Supp. 2012).

In his jurisdictional brief, appellant acknowledges the statutory requirement that the referring judge must sign the order. He states that "no one in the office of the clerk of the 330th Family District Court seems to be aware of this statutory requirement." In her jurisdictional brief, appellee agrees that "this case sits in limbo" because the parties waived their right to a de novo hearing and the referring court has not signed the associate judge's order.

Thus, assuming the parties' waiver agreement is valid, the associate judge's order is not final because it has not been signed by the referring court. *See* TEX. FAM. CODE ANN. § 201.013(b) (West 2008). On the other hand, assuming the parties' waiver agreement is invalid, appellant timely requested a de novo hearing with the referring court and that court must hold a hearing. *See* TEX. FAM. CODE ANN. § 201.015(f) (West Supp. 2012). Either way, further action is needed by the referring court, whether that be the referring court's signature on the associate judge's order *or* a de novo hearing before the referring court. Because the associate judge's order is not final, this Court lacks jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Kerry P. FitzGerald/

KERRY P. FITZGERALD

131196F.P05                                   JUSTICE

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF J.L.H., A CHILD

No. 05-13-01196-CV      V.

On Appeal from the 330th Judicial District
Court, Dallas County, Texas.
Trial Court Cause No. DF-93-2714.
Opinion delivered by Justice FitzGerald.
Justices Francis and Myers, participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee, Frances Reese, recover her costs of this appeal from appellant, John Lee Huffer.

Judgment entered October 23, 2013

/Kerry P. FitzGerald/

KERRY P. FITZGERALD
JUSTICE

–4–