**Opinion issued March 14, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00972-CV

———————————

**YOLANDA MARIE WILLIAMS, Appellant**

**V.**

**REGINALD WILLIAMS, Appellee**

---

**On Appeal from the 310th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-50917**

---

## MEMORANDUM OPINION

Appellant, Yolanda Marie Williams, proceeding pro se, attempts to appeal from the trial court's final decree of divorce, signed on November 9, 2011, by filing a "Motion for an Appeal on a Default Divorce Judgment" on October 17, 2016, which we construe as a notice of appeal. Williams also filed pro se motions to

appoint counsel and for an extension of time to pay the filing fee in this Court. We dismiss this appeal for want of jurisdiction and dismiss the motions as moot.

We are authorized by statute to consider an appeal from a "final order" rendered under Title 5 of the Family Code. *See* TEX. FAM. CODE ANN. § 109.002(b) (West Supp. 2016); *see, e.g.*, *Brejon v. Johnson*, 314 S.W.3d 26, 33 (Tex. App.— Houston [1st Dist.] 2009, no pet.). Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id.* 26.1(a); TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3.

Here, the district clerk's letter of assignment and clerk's record both contain the final decree of divorce, signed by the trial court on November 9, 2011, and Williams's motion for new trial, timely filed by her trial counsel on December 9, 2011. Williams's timely post-judgment motion extended the deadline to file a notice of appeal for ninety days until February 7, 2012, or by February 22, 2012, with the fifteen-day grace period. *See* TEX. R. APP. P. 26.1(a)(1), 26.3. However, Williams's

2

notice of appeal was untimely filed on October 17, 2016, more than four and one-half years after the fifteen-day grace period ended. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1, 26.1.

On January 5, 2017, the Clerk of this Court notified Williams that this appeal was subject to dismissal for want of jurisdiction unless she timely responded and showed how this Court had jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c). After Williams received an extension, she timely filed an "Appellant's Brief of Merits," but her brief failed to respond to the jurisdictional notice and was inadequate to show how this Court has jurisdiction over her appeal.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Massengale.