**Opinion issued March 14, 2017**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-16-00950-CV**

_____

**ELLIOT MICHAEL MUIRHEAD, Appellant**

**V.**

**KARI JOHNSON MUIRHEAD, Appellee**

---

**On Appeal from the 245th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-48441**

---

## MEMORANDUM OPINION

Appellant, Elliot Michael Muirhead, attempts to appeal from the trial court's first amended final decree of divorce, signed on July 25, 2016, by filing a notice of restricted appeal on November 30, 2016. We dismiss this appeal for want of jurisdiction.

We are authorized by statute to consider an appeal from a "final order" rendered under Title 5 of the Family Code. *See* TEX. FAM. CODE ANN. § 109.002(b) (West Supp. 2016); *see, e.g.*, *Brejon v. Johnson*, 314 S.W.3d 26, 33 (Tex. App.— Houston [1st Dist.] 2009, no pet.). Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id*. 26.1(a); TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3.

To qualify for a restricted appeal, an appellant must establish that: (1) he filed the notice of restricted appeal within six months after the judgment or order appealed from was signed; (2) he was a party to the underlying suit; (3) he did not timely file a post-judgment motion or request for findings of fact and conclusions of law, or notice of appeal; (4) he did not participate, either in person or through counsel, in the hearing that resulted in the judgment complained of; and (5) the trial court erred and the error is apparent from the face of the record. *See Bassie v. Citibank (S. Dakota) N.A.*, No. 01-05-00943-CV, 2006 WL 181514, at *1 (Tex. App.—Houston

2

[1st Dist.] Jan. 26, 2006, no pet.) (per curiam) (mem. op.) (citing, *inter alia*, TEX. R. APP. P. 30, 26.1(c)).

Here, Muirhead's notice of appeal claims that this is a restricted appeal because, among other things, he did not timely file a post-judgment motion. However, the district clerk's letter of assignment includes Muirhead's motion to set aside the default judgment, which was timely filed by his appellate counsel on July 25, 2016.[1] "A restricted appeal is only available to a party 'who did not timely file a postjudgment motion . . . .'" *Lushann Int'l Energy Corp. v. Harris County*, No. 01-07-00119-CV, 2008 WL 4166473, at \*1 (Tex. App.—Houston [1st Dist.] Sept. 11, 2008, no pet.) (per curiam) (mem. op.) (quoting TEX. R. APP. P. 30) (dismissing for want of jurisdiction restricted appeal after appellant had timely filed motion for new trial). Because Muirhead timely filed a motion to set aside the default judgment, that was a post-judgment motion and, thus, we lack jurisdiction to consider this as a restricted appeal. *See, e.g.*, *Rainey v. Rainey*, No. 05-05-01384-CV, 2006 WL 29112, at \*1 (Tex. App.—Dallas Jan. 6, 2006, no pet.) (mem. op.) (dismissing restricted appeal of final order on suit to modify parent-child relationship for want of jurisdiction because appellant's motion to set aside default judgment/motion for new trial was timely post-judgment motion) (citing *Lab Corp. v. Mid-Town Surgical*

---

[1] On March 2, 2017, the Clerk of this Court notified appellant that this case was subject to dismissal for want of prosecution because the clerk's record had not been filed due to appellant's lack of payment. *See* TEX. R. APP. P. 37.3(b), 42.3.

*Ctr., Inc.*, 16 S.W.3d 527, 528–29 (Tex. App.—Dallas 2000, no pet.) (holding that court lacked jurisdiction over restricted appeal because appellant timely filed motion to set aside default judgment)).

Muirhead's post-judgment motion extended the deadline to file a notice of appeal until October 24, 2016, or by November 7, 2016, with the fifteen-day grace period. *See* TEX. R. APP. P. 4.1(a), 26.1(a)(1), 26.3. However, Muirhead's notice of appeal was untimely filed on November 30, 2016, thirty-seven days after the ninety-day deadline expired and twenty-three days after the fifteen-day grace period ended. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1, 26.1.

On December 29, 2016, the Clerk of this Court notified Muirhead that this appeal was subject to dismissal for want of jurisdiction unless he timely responded and showed how this Court had jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c). Muirhead failed to timely file a response. Thus, we must dismiss this appeal for want of jurisdiction. *See Lushann*, 2008 WL 4166473, at *1.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Massengale.