**Opinion issued April 25, 2017**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00129-CV

_____

## IN THE INTEREST OF J.L.G., JR., A Child

On Appeal from the 315th District Court
Harris County, Texas
Trial Court Case No. 2014-06119J

## MEMORANDUM OPINION

Appellant, J.L.G., through counsel, representing that the trial court has signed an order granting a new trial in this parental termination case, has filed a motion to dismiss the appeal as moot. *See* TEX. R. APP. P. 42.1(a)(1). We grant the motion and dismiss the appeal for want of jurisdiction.

We are authorized by statute to consider an appeal from a "final order" rendered under Title 5 of the Family Code. *See* TEX. FAM. CODE ANN. § 109.002(b)

(West 2011); *see, e.g.*, *Brejon v. Johnson*, 314 S.W.3d 26, 33 (Tex. App.—Houston [1st Dist.] 2009, no pet.). When the trial court grants a motion for new trial, the case is reinstated on the trial court's docket and will proceed to trial as though no trial had been previously conducted. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). The granting of a new trial renders the appeal moot, and this Court lacks jurisdiction over the appeal. *See Galvan v. Harris Cty.*, No. 01-09-00884-CV, 2011 WL 345677, at *1 (Tex. App.—Houston [1st Dist.] Jan. 31, 2011, no pet.) (per curiam) (mem. op.) (dismissing appeal as moot after trial court signed order granting new trial).

Accordingly, because the trial court signed an order granting a new trial, we reinstate this case following this Court's March 21, 2017 Order of Abatement, grant the appellant's motion, and dismiss the appeal for want of jurisdiction.[1] *See* TEX. R. APP. P. 42.1(a)(1), 43.2(f). We direct the Clerk of this Court to issue the mandate immediately with this opinion. *See id.* 18.1(c); TEX. R. JUD. ADMIN. 6.2(a) (West 2012). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Massengale.

---

[1] This Court had abated this case to determine whether appellant, J.L.G., was indigent and, if so, to appoint counsel. On April 13, 2017, the district clerk filed a third supplemental clerk's record in this Court containing, among other things, the "Agreed Order Granting Partial Motion for New Trial" for appellant, J.L.G., only, and appointing counsel for appellant, signed by the trial court on April 3, 2017.

2