**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER AND NOTICE OF INTENT TO DISMISS FOR WANT OF JURISDICTION

Appellate case name:        Cheri Vega v. Arturo Lira

Appellate case number:     01-17-00054-CV

Trial court case number:   2008-11473

Trial court:                309th District Court of Harris County

On May 25, 2017, appellant, Cheri Vega, through counsel, filed an amended notice of appeal seeking to appeal from four different orders in the underlying suit affecting the parent-child relationship. The Court notifies appellant that, after a review of the amended notice of appeal and the clerk's record filed on March 1, 2017, this Court may dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We are authorized by statute to consider an appeal from a "final order" rendered under Title 5 of the Family Code. *See* TEX. FAM. CODE ANN. §§ 105.006(a), 109.002(b) (West 2015); *see, e.g.*, *Brejon v. Johnson*, 314 S.W.3d 26, 33 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Generally, a notice of appeal is due within thirty days after a judgment, or within twenty days after an interlocutory order, is signed. *See* TEX. R. APP. P. 26.1(b).

The first two orders listed in the amended notice of appeal—the trial court's "Order on Motion to Compel Payment of Amicus Fees, Awarding Attorney's Fees and Sanction," signed on April 4, 2016, and the "Order on Motion to Disqualify Amicus Attorney," signed on May 12, 2016—are not located in the clerk's record for this appeal. In any event, all four orders appear to be non-appealable interlocutory orders because they are neither "final order[s]" nor interlocutory orders that are appealable. *See* TEX. FAM. CODE ANN. §§ 105.001(a)(5) (West 2015), 105.006(a), 109.002(b); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1)-(12) (West 2015). And, even if these orders are appealable, the amended notice of appeal appears to be untimely. *See* TEX. R. APP. P. 26.1(b). Finally, the January 23, 2017 order also was not signed by the trial court.

Accordingly, unless the appellant files a second amended notice of appeal or a response to this notice providing a detailed explanation, citing relevant portions of the record, statutes, rules, and case law to show that this Court has jurisdiction over this

appeal, the Court may dismiss this appeal for lack of jurisdiction without further notice. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f).  Any response must be filed **within 10 days of the date of this order**.

It is so ORDERED.

Judge's signature: /s/ Laura C. Higley
                   ☑  Acting individually     ☐  Acting for the Court
Date:  June 6, 2017