**Opinion issued November 28, 2017**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00518-CV

_____

**CHARLES JIA ZHUANG, Appellant**

**V.**

**RACHEL ZHANG, Appellee**

---

**On Appeal from the 126th District Court**
**Travis County, Texas**
**Trial Court Case No. D-1-FM-16-006502**

---

## MEMORANDUM OPINION

Appellant, Charles Jia Zhuang, attempts to appeal from the final decree of

divorce, signed on April 17, 2017.[1] Appellee, Rachel Zhang, has filed a motion to

---

[1]   The Texas Supreme Court transferred this appeal from the Third Court of Appeals to this Court pursuant to its docket equalization powers. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2016).

dismiss for lack of jurisdiction contending that the notice of appeal was untimely. We agree, grant the motion, and dismiss this appeal for want of jurisdiction.

We are authorized by statute to consider an appeal from a "final order" rendered under Title 5 of the Family Code. *See* TEX. FAM. CODE ANN. § 109.002(b) (West 2011); *see, e.g.*, *Brejon v. Johnson*, 314 S.W.3d 26, 33 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Generally, a notice of appeal is due within thirty days after the final judgment or order is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id*. 26.1(a); TEX. R. CIV. P. 296, 329b(a), (g). To be considered timely, any request for findings and conclusions must be filed within twenty days after the date the judgment was signed. TEX. R. CIV. P. 296.

The trial court signed the final decree of divorce on April 14, 2017, making May 15, 2017, the deadline for filing a notice of appeal. *See* TEX. R. APP. P. 4.1(a), 26.1. Although the district clerk's information sheet lists the date of the order appealed was April 17, 2017, according to the clerk's record, while the decree was filed on April 17, 2017, it was actually signed on April 14, 2017. *See id.* 26.1 (notice of appeal must be filed within 30 days after judgment is signed). Appellant did not

2

file his notice of appeal in the trial court until June 13, 2017, which was sixty days after the decree was signed. Appellant neither filed a motion for extension of time to file the notice of appeal, nor can one be implied because the notice of appeal was untimely filed. *See* Tex. R. App. P. 26.3(b); *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997). Thus, this appeal would be untimely unless appellant had timely filed a post-judgment request or motion. *See* Tex. R. App. P. 26.1(a); Tex. R. Civ. P. 296, 329b(a).

According to the clerk's record, although appellant did not file a motion for new trial, he filed a request for findings of fact and conclusions of law in the district court on May 8, 2017. However, this May 8, 2017 request was untimely because any such request must be filed within twenty days after the date the final decree was signed on April 14, 2017, which was May 4, 2017. *See* Tex. R. Civ. P. 296. Because appellant's request for findings was not timely filed, the trial court was not required to make findings and conclusions, and it did not extend appellant's deadline for filing the notice of appeal. *See Cartmill v. Cartmill*, No. 14–06–00583–CV, 2006 WL 2164721, at *1–2 (Tex. App.—Houston [14th Dist.] Aug. 3, 2006, pet. denied) (per curiam) (mem. op.) (denying appellant's motion for extension of time to file notice of appeal because request for findings and conclusions was untimely, trial court was not required to rule on it, and notice of appeal was filed beyond fifteen-day extension period); *see also Stroman v. Martinez*, No. 01–14–00991–CV, 2015 WL 1926015,

at *1 (Tex. App.—Houston [1st Dist.] Apr. 28, 2015, no pet.) (per curiam) (mem. op.) (granting appellee's motion to dismiss for want of jurisdiction because untimely motion for rehearing and new trial did not extend deadline for filing notice of appeal) (citation omitted).

On October 17, 2017, appellee, Rachel Zhang, filed this motion to dismiss for lack of jurisdiction. Appellee contends that, because the appellant's May 8, 2017 request for findings and conclusions was untimely, that made his June 13, 2017 notice of appeal untimely. *See* TEX. R. CIV. P. 296; TEX. R. APP. P. 26.1(a), 42.3(a). More than ten days has passed, but appellant did not file a timely response to the motion. *See* TEX. R. APP. P. 10.3(a). Instead, on November 9, 2017, appellant filed a second motion for extension of time to file his brief, but he did not request time to respond to the appellee's motion. In any event, without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See id.* 25.1(b).

Accordingly, we grant appellee's motion and dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss appellant's motion for extension of time as moot.

**PER CURIAM**

Panel consists of Justices Higley, Massengale, and Lloyd.