COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER AND NOTICE OF INTENT TO DISMISS FOR WANT OF JURISDICTION

Appellate case name:          Khistina Caldwell DeJean v. Clenton Brown

Appellate case number:     01-17-00949-CV

Trial court case number:    16-DCV-236244

Trial court:                          328th District Court of Fort Bend County

On December 14, 2017, appellant, Khistina Caldwell DeJean, proceeding pro se, filed a notice of appeal from the December 11, 2017 docket sheet event date of the denial of her petition for divorce. On December 19, 2017, the district clerk filed an indigent clerk's record including appellant's Statement of Inability to Afford Payment of Court Costs or an Appeal Bond ("Statement"), filed on December 11, 2017 in the district court, and an affidavit by Lisa Tucker, the Civil Appeals Clerk, stating that no contest was filed to appellant's Statement.

Rule of Appellate Procedure 20.1 provides that a party who files such a Statement in the trial court "is not required to pay costs in the appellate court unless the trial court overruled the party's claim of indigence in an order that complies with Texas Rule of Civil Procedure 145." TEX. R. APP. P. 20.1(b)(1). Because appellant's Statement was uncontested and not overruled by the trial court, appellant is not required to pay costs in this appeal. *See id*.

Accordingly, the Clerk of this Court is **ORDERED** to deem the appellant indigent and allowed to proceed without advance payment for purposes of the filing and clerk's and reporter's record fees. The Court **ORDERS** the district clerk to file the clerk's record, and the court reporter to file the reporter's record, if any, **by February 9, 2018,** at no cost to appellant. Further, the Court **ORDERS** the district clerk to mail the appellate records to appellant, **within 45 days** of the date of this Order, at no cost to appellant, and shall certify to this Court the delivery date **within 60 days** of this Order.

However, appellant is notified that, after a preliminary review of the notice of appeal and the indigent clerk's record, this Court may dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). This Court generally has jurisdiction only over

appeals from "final orders" rendered under Title 5 of the Family Code, unless a statute authorizes an interlocutory appeal. *See* TEX. FAM. CODE ANN. § 109.002(b) (West 2016) ("An appeal may be taken by any party to a suit from a final order rendered under this title."); *see, e.g.*, *Brejon v. Johnson*, 314 S.W.3d 26, 33 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

Here, the letter of assignment from the district clerk, filed on December 15, 2017, does not list any final decree of divorce or other appealable order in the "Date of Judgment/Appealable Order" section, just that appellant's notice of appeal is from the "December 11, 2017-Docket Sheet event date-Divorce is Denied." Both the indigent clerk's record and the district clerk's website similarly do not list a final decree of divorce or other appealable order, but instead lists a docket entry on December 11, 2017, that appellant's petition for divorce was denied by the district court because "the parties are not married and have never been married."

Accordingly, unless the appellant requests from the district clerk to file a supplemental clerk's record in this Court containing a final decree of divorce or other appealable final order, or else files a written response to this notice, providing a detailed explanation, citing relevant portions of the record, statutes, rules, and case law to show that this Court has jurisdiction over this appeal, **this appeal may be dismissed for want of jurisdiction without further notice**. *See* TEX. R. APP. P. 42.3(a). Appellant's response, if any, is due in this Court **within 60 days** from the date of this notice.

It is so ORDERED.

Judge's signature:  /s/ Laura C. Higley
                    ☑ Acting individually    ☐ Acting for the Court

Date:  December 28, 2017