Opinion issued March 8, 2018



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00925-CV

————————————

## HANI HAFIZ IBRAHIM QUTIEFAN, Appellant

## V.

## LUBNA AZIZ SAFI, Appellee

On Appeal from the 505th District Court
Fort Bend County, Texas
Trial Court Cause No. 13-DCV-206211

## MEMORANDUM OPINION

Appellant, Hani Hafiz Ibrahim Qutiefan, proceeding pro se, attempts to appeal from the trial court's order, signed on November 2, 2017, in this divorce case. We dismiss this appeal for want of jurisdiction.

We are authorized by statute to consider an appeal from a "final order" rendered under Title 5 of the Family Code, unless a statute authorizes an interlocutory appeal. *See* TEX. FAM. CODE ANN. § 109.002(b) (West 2014) ("An appeal may be taken by any party to a suit from a final order rendered under this title."); *see, e.g.*, *Brejon v. Johnson*, 314 S.W.3d 26, 33 (Tex. App.—Houston [1st Dist.] 2009, no pet.). To be a "final order" under Title 5 of the Family Code, other than in a termination case under Chapter 161 or an adoption case under Chapter 162, the order must contain the several items listed under Section 105.006. *See* TEX. FAM. CODE ANN. § 105.006(a), (d), (e) (West 2014) (listing contents of final order under Title 5 of Family Code not involving Chapters 161 or 162). Generally, appellate courts have jurisdiction only over appeals from final judgments or final orders. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). To be final, a judgment or order must "actually dispose[] of all claims and parties then before the court, regardless of its language, or [] state[] with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* at 204.

Here, after reviewing the clerk's record, appellant's notice of appeal lists the order on appeal as the "Order on Motion to Invoke the Sixth Amendment Constitutional Right & Request an Appellate Lawyer," signed on November 2, 2017. This order states, in pertinent part, that, "[a]fter reviewing the pleadings and the arguments of [appellant] and any responses thereto, this Court is of the opinion

2

that the MOTION TO INVOKE the SIXTH AMENDMENT CONSTITUTIONAL RIGHT & REQUEST AN APPELLATE LAWYER IS [not] well taken and should in all things, be DENIED." However, this is not a "final order" under Title 5 of the Family Code because it does not contain the several items required under Section 105.006 and it does not state that it disposes of all parties and claims. *See* TEX. FAM. CODE ANN. § 105.006(a), (d), (e); *see also Lehmann*, 39 S.W.3d at 204. Thus, we lack jurisdiction over this appeal because this order is not an appealable final order. *See* TEX. FAM. CODE ANN. § 109.002(b).

The Clerk of this Court's February 8, 2018 notice warned appellant that this appeal was subject to dismissal for want of jurisdiction unless he timely responded within ten days of that notice to show how this Court had jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c). Appellant failed to timely file any response.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c); 43.2(f).

**PER CURIAM**

Panel consists of Justices Jennings, Keyes, and Higley.