**Opinion issued November 27, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00874-CV

————————————

### VANESSA ERIN BROWNING, Appellant

### V.

### B. ROSE LOCKHART, Appellee

On Appeal from the 505th District Court
Fort Bend County, Texas
Trial Court Cause No. 17-DCV-243845

## MEMORANDUM OPINION

Appellant, Vanessa Erin Browning, proceeding pro se, attempts to appeal from

the docket entry by the trial court on October 19, 2017, denying her divorce petition.

We dismiss this appeal for want of jurisdiction.

Generally, appellate courts have jurisdiction over appeals from signed final judgments or final orders. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). To be final, a judgment or order must "actually dispose[] of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* at 204.

We are authorized by statute to consider an appeal from a "final order" rendered under Title 5 of the Family Code, unless a statute authorizes an interlocutory appeal. TEX. FAM. CODE ANN. § 109.002(b) (West 2014) ("An appeal may be taken by any party to a suit from a final order rendered under this title."); *see, e.g.*, *Brejon v. Johnson*, 314 S.W.3d 26, 33 (Tex. App.—Houston [1st Dist.] 2009, no pet.). To be a "final order" under Title 5 of the Family Code, other than in a termination case under Chapter 161 or an adoption case under Chapter 162, the order must contain the several items listed under Section 105.006. *See* TEX. FAM. CODE ANN. § 105.006(a), (d), (e) (West 2014) (listing contents of final order under Title 5 of Family Code not involving Chapters 161 or 162).

Here, appellant's notice of appeal lists the order on appeal as the "order of dismissal dated October 19, 2017," but the letter of assignment lists the "Date of Judgment/Appealable Order" as "October 19, 2017-Case Dismissed-Judge Docket Entry." Similarly, after reviewing the clerk's record, there is no final order signed

by the trial court on October 19, 2017, or any other date. Instead, there is a docket entry for October 19, 2017, stating, as follows:

> Petition for Divorce, is denied. Same-Sex Marriage – pre-dating Obergefel [sic], 6/19/12, Court finds that Obergegel [sic] is not retroactive, marriage conducted in State of NY, Respondent has never lived in Texas. Case Dismissed. NY last marital state. dp

However, this docket entry neither was memorialized as a signed order nor is it a "final order" under Title 5 of the Family Code because it does not contain the several items required under Section 105.006 and it does not state that it disposes of all parties and claims. *See* TEX. R. APP. P. 26.1; TEX. FAM. CODE ANN. § 105.006(a), (d), (e); *see also Lehmann*, 39 S.W.3d at 204.

The Clerk of this Court's October 18, 2018 notice warned appellant that this appeal was subject to dismissal for want of jurisdiction unless she timely requested that a supplemental clerk's record with a signed final order be filed or otherwise responded to show how this Court had jurisdiction within ten days of that notice. *See* TEX. R. APP. P. 42.3(a), (c). Appellant's counsel timely filed a letter in response on October 25, 2018, stating that he had requested that the district clerk file a supplemental clerk's record after the district court signed his proposed final order of dismissal nunc pro tunc that he had filed there on October 23, 2018.

However, the district clerk filed a supplemental clerk's record on November 13, 2018, containing the unsigned proposed final order of dismissal nunc pro tunc, and a docket entry for November 6, 2018, stating:

3

> Record, Sheryl Stapp, Attorney Paul Castillo with Vanessa Browning, No Motion on File, No correction (for a Nunc Pro Tunc) – since there is no order to correct, Order for Nunc Pro Tunc setting is passed – since there is no motion filed requesting hearing, Notice req to Respondent. dp

Thus, we lack jurisdiction over this appeal because a docket entry is not an appealable final order and the clerk's record does not indicate that any appealable order has been signed. *See* TEX. FAM. CODE ANN. § 109.002(b); *see, e.g.*, *Dejean v. Brown*, No. 01-17-00949-CV, 2018 WL 2011668, at *1–2 (Tex. App.—Houston [1st Dist.] May 1, 2018, no pet.) (per curiam) (mem. op.) (dismissing appeal for want of jurisdiction because docket entry denial of divorce was not appealable and signed final order).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c); 43.2(f).

**PER CURIAM**

Panel consists of Justices Higley, Lloyd, and Caughey.

4