**Opinion issued May 23, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00271-CV

_____

## IN THE INTEREST OF T.H., A Child

On Appeal from the 415th District Court
Parker County, Texas[1]
Trial Court Case No. CV18-1783

## MEMORANDUM OPINION

Appellant, R.S.H., incarcerated and proceeding pro se, filed a notice of appeal

from the trial court's February 8, 2019 order in a suit affecting the parent-child

---

[1] The Texas Supreme Court transferred this appeal from the Second Court of Appeals to this Court pursuant to its docket equalization powers. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013); Misc. Docket No. 19-9022 (Tex. Mar. 26, 2019). We are unaware of any conflict between the precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

relationship in this paternity and child support case. Appellant has filed several pro se motions in this Court. However, the district clerk filed a special clerk's record attaching the trial court's April 12, 2019 order granting the motion for new trial. We dismiss this appeal for want of jurisdiction.

We are authorized by statute to consider an appeal from a "final order" rendered under Title 5 of the Family Code. *See* TEX. FAM. CODE ANN. § 109.002(b) (West 2014); *see, e.g.*, *Brejon v. Johnson*, 314 S.W.3d 26, 33 (Tex. App.—Houston [1st Dist.] 2009, no pet.). However, when the trial court grants a motion for new trial, the case is reinstated on the trial court's docket and will proceed to trial as though no trial had been previously conducted. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). The granting of a new trial renders the appeal moot, and this Court lacks jurisdiction over the appeal. *See Galvan v. Harris Cty.*, No. 01-09-00884-CV, 2011 WL 345677, at *1 (Tex. App.—Houston [1st Dist.] Jan. 31, 2011, no pet.) (per curiam) (mem. op.) (dismissing appeal as moot after trial court signed order granting new trial).

On May 2, 2019, the Clerk of this Court notified appellant that this appeal was subject to dismissal for want of jurisdiction unless he timely responded within ten days of that notice and showed how this Court had jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a), (c). Appellant filed six pro se motions in this Court, including motions to recuse the Office of the Attorney General and for a paternity

2

test.  He timely filed a pro se response attaching the order granting the motion for new trial and requesting, among other things, a counterclaim of $3 million against the Office of the Attorney General.  However, appellant's response was inadequate to show how this Court still has jurisdiction over this appeal.

Accordingly, because the trial court signed an order granting a new trial after the notice of appeal was filed, we dismiss this appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.1(a)(1), 43.2(f).  We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Hightower.