# NO. 12-20-00189-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 245TH* |
| *M.D. AND M.D.,* | § | *JUDICIAL DISTRICT COURT* |
| *CHILDREN* | § | *HARRIS COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

S.F., acting pro se, filed a notice of appeal to alter a temporary order signed on December 12, 2018.[1]

Generally, an appellate court has jurisdiction over appeals only from "final orders" rendered under Title 5 of the Texas Family Code, unless a statute authorizes an interlocutory appeal. *See* TEX. FAM. CODE ANN. § 109.002(b) (West Supp. 2019) ("An appeal may be taken by any party to a suit from a final order rendered under this title."); *see, e.g.*, **Brejon v. Johnson**, 314 S.W.3d 26, 33 (Tex. App.–Houston [1st Dist.] 2009, no pet.). In a suit affecting the parent child relationship, a trial court may make a temporary order for the safety and welfare of the child. *See* TEX. FAM. CODE ANN. § 105.001(a) (West 2019). Temporary orders rendered under Section 105.001 are not subject to interlocutory appeal.[2] *Id*. § 105.001(e).

Here, the temporary order states that it shall continue in force until the signing of a final order or until further order of the trial court. The record does not demonstrate that a trial court has signed a final order in this case. Nor is this Court aware of any statute that authorizes an

---

[1] Pursuant to a docket equalization order issued by the Supreme Court of Texas on July 30, 2020, this appeal has been transferred to this Court from the First Court of Appeals in Houston, Texas.

[2] Mandamus is an appropriate remedy in a suit affecting the parent child relationship because the issuance of temporary orders is not subject to interlocutory appeal. *See In re Derzapf*, 219 S.W.3d 327, 335 (Tex. 2007); *see also In re Salminen*, 492 S.W.3d 31, 38 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

appeal from the temporary order S.F. seeks to challenge.  Accordingly, we ***dismiss*** the appeal for ***want of jurisdiction***.[3]  *See* ***Davis v. Lopez***, No. 01-17-00052-CV, 2017 WL 1149211, at \*1 (Tex. App.—Houston [1st Dist.] Mar. 28, 2017, no pet.) (mem. op.) (per curiam) (dismissing, for want of jurisdiction, appeal from temporary order in suit affecting the parent child relationship).  All pending motions are ***overruled as moot***.[4]

Opinion delivered September 2, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[3] On August 11, 2020, this Court notified S.F. that the information received in this appeal failed to show this Court's jurisdiction and that the appeal would be dismissed unless the notice of appeal was amended on or before August 21 to show this Court's jurisdiction.  S.F. responded with a lengthy amendment that alleged fraud on the court, among other allegations.  Her response, however, does not negate the fact that the temporary order in this case is not appealable.

[4] We also note that S.F. filed a statement of inability to afford costs, which the court reporter contested.  At a hearing, at which a financial information statement predating the COVID-19 pandemic was presented, the trial court concluded that S.F. failed to show her inability to pay.  The trial court explained that S.F. testified to income from work, has financial support from friends and resources available to her, had not attempted to secure a loan, and did not testify that she is unable to obtain a loan.  S.F. filed a notice of appeal to challenge the trial court's determination.  *See* TEX. R. CIV. P. 145(g).  However, because we are dismissing the appeal for want of jurisdiction, we need not address this issue.  *See* TEX. R. APP. P. 47.1.  *See also* ***Meuth v. Meuth***, No. 03-19-00254-CV, 2019 WL 1216219, at \*1 (Tex. App.—Austin Mar. 15, 2019, no pet.) (mem. op.) (dismissing as moot challenge to order, sustaining contest because appellant no longer had appeal pending for which costs due).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 2, 2020**

**NO. 12-20-00189-CV**

**IN THE INTEREST OF M.D. AND M.D., CHILDREN**

Appeal from the 245th District Court
of Harris County, Texas (Tr.Ct.No. 2015-69880)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

# THE STATE OF TEXAS
# M A N D A T E

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***


**TO THE 245TH DISTRICT COURT OF HARRIS COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 2nd day of September, 2020, the cause upon appeal to revise or reverse your judgment between

**IN THE INTEREST OF M.D. AND M.D., CHILDREN**

**NO. 12-20-00189-CV; Trial Court No. 2015-69880**

By *per curiam* opinion.

was determined; and therein our said Court made its order in these words:

"THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the xx day of August, 2020.

By: _Katrina McClenny_
KATRINA MCCLENNY, CLERK