Opinion issued June 26, 2025



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00380-CV

_____

## IN THE INTEREST OF M.H., A CHILD

---

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-00244J**

---

## MEMORANDUM OPINION

C.M.J. (Father) and M.H. (Mother) attempt to appeal from the trial court's "judgment or final order rendered on date May 14, 2025" in the underlying suit affecting the parent-child relationship (SAPCR).  We dismiss the appeal for want of jurisdiction.

Generally, this Court has jurisdiction over appeals only from "final orders" rendered under Title 5 of the Texas Family Code, unless a statute authorizes an interlocutory appeal. *See* TEX. FAM. CODE § 109.002(b) ("An appeal may be taken by any party to a suit from a final order rendered under this title."); *see, e.g.*, *Brejon v. Johnson*, 314 S.W.3d 26, 33 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

In a SAPCR, the trial "court may make a temporary order, including the modification of a prior temporary order, for the safety and welfare of the child, including an order: (1) for the temporary conservatorship of the child;" but any such "[t]emporary orders rendered under this section are not subject to interlocutory appeal." TEX. FAM. CODE § 105.001(a)(1), (e); *see also In re Derzapf*, 219 S.W.3d 327, 335 (Tex. 2007) (orig. proceeding) (noting that mandamus was an appropriate remedy in SAPCR because "trial court's issuance of temporary orders [was] not subject to interlocutory appeal" (citations omitted)).

Here, after reviewing the clerk's record filed in this Court, we conclude that there are no final decrees or appealable orders signed by the trial court. As noted above, Father and Mother purport to appeal from the trial court's final order rendered on May 14, 2025. But the only order signed on May 14, 2025 was an order granting a continuance. This is not an appealable interlocutory order. *See Hughes v. Gifford*, No. 01-24-00144-CV, 2024 WL 3941018, at *1 (Tex. App.—Houston [1st Dist.]

Aug. 27, 2024, no pet.) (mem. op.) (per curiam) (order granting motion for continuance is not final judgment or appealable interlocutory order).

And the only other recent order contained in the clerk's record is a "Permanency Hearing Order Before Final Order," which was signed by the trial court on May 19, 2025. But this too is not an appealable interlocutory order. *See* TEX. FAM. CODE § 105.001(a), (e); *In Interest of L.L.B.*, No. 01-17-00286-CV, 2017 WL 2290202, at \*1 (Tex. App.—Houston [1st Dist.] May 25, 2017, no pet.) (mem. op.) (per curiam) (dismissing appeal for want of jurisdiction because permanency hearing order "is a non-appealable temporary order").

Because the clerk's record does not indicate that any final termination decree has been entered with respect to Father and Mother, nor does it reflect that any other appealable order has been rendered, we lack jurisdiction. *See, e.g.*, *In Interest of L.L.B.*, 2017 WL 2290202, at \*2.

On May 29, 2025, the Clerk of this Court notified Father and Mother that this appeal was subject to dismissal for want of jurisdiction unless they timely responded and showed how this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a). Father and Mother failed to timely file a response.

Accordingly, we dismiss this appeal for want of jurisdiction. *See id.*; *see also In Interest of L.L.B.*, 2017 WL 2290202, at \*2.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.